CRUZ, PLAINTIFF AND APPELLEE, *v.* QUIÑONES, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Ponce in an Action of
Filiation.

No. 2593.—Decided January 9, 1923.

FILIATION—ACKNOWLEDGMENT—NATURAL CHILD—CONCUBINAGE.—In an action for
the acknowledgment of a natural child born when section 135 of the Span-
ish Civil Code was in force it is not necessary to prove that the alleged
parents lived as husband and wife during the pregnancy and parturition.

ID.—ID.—ID.—ID.—The last subdivision of section 189 of the Revised Civil Code,
as. it read at the time of the birth of three of the illegitimate children who
sue for acknowledgment in this case, refers to a case in which the acknowl-
edgment is attempted to be established only from concubinage or engage-
ment to marry; but even failing to prove this, a declaration of acknowl-
edgment as a natural child may be obtained if it is proved that the father
has shown publicly or privately that the child is his, or has spoken of it
as such in conversation, or attends to its education and support, according
to the language of subdivision 2 of that section.

ID.—ID.—ID.—PERMISSION TO MARRY.—The permission to marry required by sec-
tion 45 of the Spanish Civil Code was that which the parents should give
to their minor children in order that they could marry and not the dispen-
sation referred to in section 119 of the Spanish Civil Code, for that was a
dispensation from impediments to marry.

The facts are stated in the opinion.

*Mr. P. Fajardo Martínez* for the appellant.

*Mr. L. Torres Grau* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The natural children of Crescencia Cruz named Rosa
Elisa, Rita, Ursula, Víctor, Ana María and Luisa, the first
three acting for themselves and the others being represented
by their mother because they were minors, brought an action
of filiation against Luis Quiñones Aymard alleging that they
were his natural children; that they were born between
November 25, 1894, and November 3, 1905, the dates of their
respective births beings specified, while their parents, who
were single and without legal impediment to marry, were
living in public concubinage; that they were always treated
by defendant Luis Quiñones Aymard as his children, he
referring to them as such in public and private conversa-

tions, and that he paid for their maintenance and education as such children. The defendant answered, the case was tried and judgment was rendered in accordance with the prayer of the complaint. From that judgment the defendant took the present appeal.

The grounds of the appeal as presented by the appellant are that the trial court erred in holding that the evidence of the plaintiffs was sufficient and that as the children were born when different codes were in force the evidence introduced by the plaintiffs does not establish with accuracy the respective acts of acknowledgment regarding each of the alleged children. Hence, both questions refer to the sufficiency of the evidence.

Four of the plaintiffs, their mother and fifteen other witnesses testified at the trial and it appears from the whole of the testimony that defendant Luis Quiñones Aymard had amorous relations with the mother of the plaintiffs for several years, although they did not usually live in the same house; that the six plaintiffs and a sister who died were the progeny of such amorous relations; that during that time and thereafter the defendant considered them his children, treating them as such in the presence of different persons and saying to some persons that they were his children, and that he supplied the money for their support and education until shortly before the action was brought.

The appellant maintains that the evidence was insufficient because it was not proved that during the periods of pregnancy and confinement Crescencia Cruz and Luis Quiñones were known to be living as husband and wife, he caring for her and paying her expenses.

Section 135 of the Spanish Civil Code, which was in force when the first four plaintiffs were born, prescribes that the father is obliged to acknowledge the natural child in the following cases: 1, When an indisputable paper written by him, expressly acknowledging his paternity, is in existence.

2, When the child is in uninterrupted enjoyment of the status of a natural child of the defendant father, justified by direct acts of the said father or of his family. It contains nothing with regard to concubinage. Section 189 of the revised Civil Code, which was in force when the other children were born, provided that a father was obliged to recognize his illegitimate child in the following cases: 1, When there is an authentic statement in writing made by him expressly acknowledging his paternity. . 2, When publicly or privately he has admitted that it is his child, or has spoken of it as such in conversation, or attends to its education and maintenance. 3, When the mother was known to be living in concubinage with the father during her pregnancy or at the time of the birth of the child, or when the child was born while its parents were sustaining amorous relations. This last subdivision refers to a case in which the acknowledgment is to be established only by concubinage or amorous relations, but although this may not be proved, an adjudication of acknowledgment as a natural child may be obtained if it is proved that the father publicly or privately treated the child as his, or spoke of it as such in conversation, or attends to its education and support, as provided in the second subdivision. Apart from that, in this case it was shown not only that the plaintiffs come within the provisions of subdivision 2 of each of the sections cited, but also that they were born while their parents were sustaining amorous relations.

The appellant also alleges that it was not proved that the defendant treated the plaintiffs publicly and privately as his children by speaking of them as such in public and private conversations, supporting and educating them as such children; but the evidence is convincing to the contrary.

In his brief and argument the appellant insisted that this case is similar to the case of *Méndez* v. *Martínez*, 21 P. R. R. 238, and that following the doctrine laid down in that case, we should hold that the evidence is insufficient and

reverse the judgment appealed from. In that case judgment was not rendered for the defendant, but a new trial was ordered for the following reasons: Because the two children were born in 1909 and 1911 and certain letters introduced to show the defendant's paternity were dated long before they were born, or from 1898 to 1907, and referred to other children; because other letters bore no dates and the dates on which they were written were not shown; because some of the witnesses contradicted themselves while testifying; because other witnesses were not asked for the reasons for their statements, and because the acknowledgment of the said children being governed by different statutes, the acts of acknowledgment relating to each one of them and the dates on which such acts were performed were not shown with exactness. For these reasons it was held that the evidence was far from being as strong and convincing as we had held that it should be in the case of *Neguerela et al. v. Samohano et al.,* 16 P. R. R. 658. These facts are not present in the case now before the court, because no documentary evidence of acknowledgment was offered; because the witnesses did not contradict themselves, and because the father's acts of acknowledgment are simultaneous with and posterior to the dates of the births.

The appellant finally alleges that the plaintiffs did not prove that their parents could have married with or without dispensation at the time of their conception, in order to give them the status of natural children under section 119 of the Spanish Civil Code, because the civil status of the parents was not established and no evidence was offered that they were over 23 years of age, or that they had obtained the permission to marry required by section 45 of the Spanish Civil Code. That permission was given by parents to their minor children in order that they might marry, and was not the dispensation referred to in section 119 of the Spanish Civil Code, for that was a dispensation for absolvable impediments to marry; and

as to the civil status of the parents, their testimony showed that they were single at that time.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.